UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CURTIS HOWELL,

        Plaintiff,

        v.                                                      Civil Action No. 21-11979-ADB

MASSACHUSETTS ATTORNEYS
GENERAL, et al.,

        Defendants.

<u>MEMORANDUM AND ORDER</u>

BURROUGHS, D.J.

    Now before the Court is the amended complaint and three motions filed by *pro se*
litigant Curtis Howell.  For the reasons set forth below, the Court will deny the motions and
order that action be dismissed.

## I.    Background

    Howell commenced this action on December 7, 2021, by filing a complaint, a motion for
leave to proceed without prepayment of the filing fee (often referred to as a motion for leave to
proceed *in forma pauperis*) and a motion for appointment of counsel.  He has since filed an
amended complaint [ECF No. 11], another motion for leave to proceed *in forma pauperis*, and
numerous other motions.  In an ordered dated April 6, 2022 [ECF No. 27], the Court granted
Howell's *in forma pauperis* motions and, except for a motion to dismiss filed by the City of
Boston [ECF No. 17], disposed of all pending motions.  In its April 6, 2022 order, the Court
prohibited Howell from filing additional motions in this case until the Court had "reviewed the
amended complaint and issued an order concerning the issuance of summonses."  [ECF No. 27,

¶ 11].[1]  On April 8, 2022, the Court entered an electronic order denying Howell's motion for default judgment.  [ECF No. 29].

Howell has filed notices of appeal of the Court's April 6 and April 8, 2022, orders.  [ECF Nos. 39, 40].  The United States Court of Appeals for the First Circuit is addressing both matters in a single appeal.  *See Howell v. Massachusetts Att'y Gen.*, Case No. 22-1475 (1st Cir.).  On July 11, 2022, the First Circuit issued an order directing Howell to show cause no later than July 25, 2022, as to why his appeal should not be dismissed for lack of jurisdiction.  *See id.*  The First stated:

> It appears that this Court may lack jurisdiction because the orders are not final judgments or appealable orders, and appellant's claims remain pending in the district court.  *See* 28 U.S.C. §§ 1291, 1292; *Ramirez v. Rivera-Dueno*, 861 F.2d 328, 333 (1st. Cir. 1988) (stating that, as a general matter, jurisdiction exists under 28 U.S.C. § 1291 where the appealed order terminates the case on the merits and only leaves the court to execute judgment).

*Id.*

The Court is of the view that it retains jurisdiction over this action notwithstanding Howell's pending appeal.  In general, "the filing of a notice of appeal divests the district court of jurisdiction over matters related to the appeal."  *Acevedo-Barcia v. Vera-Monroig*, 368 F.3d 49, 58 (1st Cir. 2004).  However, "the district court can proceed, notwithstanding the filing of an appeal, if the notice of appeal is defective in some substantial and easily discernible way (if, for example, it is based on an unappealable order)."  *Rivera-Torres v. Ortiz Velez*, 341 F.3d 86, 96 (1st Cir. 2003) (quoting *United States v. Brooks*, 145 F.3d 446, 456 (1st Cir. 1998)).  In this case, Howell's notices of appeal are almost certainly based on unappealable orders and are therefore

---

[1] Notwithstanding, Howell has continued to file various motions.  [ECF Nos. 32, 33, 34].

patently defective.  Neither the April 6, 2022, nor the April 8, 2022, order was a final judgment, *see* 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decision of the district courts of the United States."[1]), and neither order was otherwise immediately appealable.[2,3]

## II.  Pending Motions

Pending before the Court are Howell's "Motion to objection to ruling, (motion to correct clerical errors" [ECF No. 32], "Motion For Relief Of Judgement" [ECF No. 33], and "Motion to Object/Motion for Default" [ECF No. 34].  The Court DENIES all three motions.

These motions are premised on Howell's misunderstanding regarding the meaning of "*in forma pauperis*," and the way in which a case proceeds where a plaintiff is proceeding without the prepayment of the filing fee.

In several of Howell's submissions, he has objected to the Court's use of the term "*in forma pauperis*" to his actions.  Howell apparently thinks that the phrase applies only to prisoner cases.  This is incorrect.  Federal courts routinely apply the descriptor "*in forma pauperis*" to all

---

[1] "The statute actually uses the term 'final decision,' but a final decision is equivalent to a final 'judgment.'" *Diaz-Reyes v. Fuentes-Ortiz*, 471 F.3d 299, 300 n.3 (1st Cir. 2006).

[2] Under the so-called "collateral order doctrine," an interlocutory order may be appealed immediately if it "finally determine[s] claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Asociación de Subscripción Conjunta Del Seguro De Responsabilidad Obligatorio v. Flores Galarza*, 479 F.3d 63, 75 (1st Cir. 2007) (quoting *Espinal-Dominguez v. Puerto Rico*, 352 F.3d 490, 495 (1st Cir. 2003)).  Certain interlocutory orders are also immediately appealable under 28 U.S.C. § 1292(a)-(b).  However, neither the "collateral order doctrine" nor 28 U.S.C. § 1292 is applicable to the orders that Howell is appealing.

[3] In the event the First Circuit finds this Court does not have jurisdiction of the action pending adjudication of Howell's appeal, this order serves as a notice to the appellate court of the Court's anticipated disposition of the action upon remand.

litigants (prisoner or non-prisoner) who are proceeding without prepayment of the filing fee.  For non-prisoner plaintiffs who are allowed to proceed *in forma pauperis* (*i.e.*, without prepayment of the filing fee), the $350 statutory and $52 administrative filing fees, *see* 28 U.S.C. §§ 1914(a), (b) are waived.  In contrast, plaintiff prisoners who are allowed to proceed *in forma pauperis* (*i.e.*, without prepayment of the filing fee), must pay the $350 statutory filing fee over time.  *See* 28 U.S.C. § 1915(b).[4]

Where a plaintiff does not pay the filing fee at the commencement of the action, summonses do not issue until the filing fee is resolved.  Where a litigant is permitted to proceed without prepayment of the filing fee, summonses do not issue until the Court conducts a preliminary review to determine whether the defendants should be required to respond to the complaint.  *See* 28 U.S.C. § 1915(e)(2).  If the Court finds that the complaint merits a response from the defendants, the Court orders that summonses issue.  Unless and until summonses issue, a defendant does not have any obligation to waive service of summonses or to respond to the complaint.  The service period proscribed by Fed. R. Civ. P. 4(m) is tolled until the Court screens a plaintiff's *in forma pauperis* complaint and authorizes service of process.  *See Scott v. Maryland State Dep't of Labor*, 673 Fed. App'x 299, 304 (4th Cir. 2016) (per curiam).  Further,

---

[4] It may be that Howell's misunderstanding of the scope of cases to which the term "*in forma pauperis*" applies stems from a clerical error in the relevant statute.  Under federal law, a court may "authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such *prisoner* possesses."  28 U.S.C. § 1915(a)(1) (emphasis added).  Despite the statute's use of the phrase "such prisoner," the affidavit requirement applies to all persons requesting leave to proceed *in forma pauperis*.  *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (per curiam); *Haynes v. Scott*, 116 F.3d 137, 139-40 (5th Cir. 1997).  The use of the word "prisoner" in 28 U.S.C. 1915(a)(1) appears to be a typographical error.  *See In re Perry v. Secretary of Hous. & Urban Dev.*, 223 B.R. 167, 169 n.2 (8th Cir. 1998); *Leonard v. Lacy*, 88 F.3d 181, 183 (2d Cir. 1996); 1 James Wm. Moore, et al., Moore's Federal Practice § 4.40[1] (3d ed. 2000).

even when summonses have issued, entry of default is not appropriate unless (1) a defendant was properly served with a summons or a defendant has waived service of the summons; and (2) the defendant has failed to respond to the complaint in the response period prescribed by the summons or the waiver.

III.    **Review of the Amended Complaint**

Because the Court has granted Howell's motions for leave to proceed without prepayment of the filing fee (*i.e.*, his motions for leave to proceed *in forma pauperis*), his amended complaint is subject to review by the Court prior to any issuance of summonses.  The Court has statutory authority to dismiss the complaint (or amended complaint) of any litigant proceeding *in forma pauperis* if the pleading is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).  In conducting this review, the Court liberally construes Howell's amended complaint because he is proceeding *pro se*.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

The overall themes in Howell's amended complaint are that the defendants thwarted his efforts to earn money from songs that he composed, that he was subject to illegal surveillance and hacking of electronic devices, that government agencies failed to investigate his complaints of wrongdoing, and that he did not receive adequate assistance to establish a business or find adequate housing.  He seeks a total of $10,000,000 in damages.  Upon review of the pleading, the Court concludes that the amended complaint fails to state a claim upon which relief can be granted and that it is without jurisdiction to adjudicate some claims.

A.    **Federal Agencies**

Howell names three federal agencies as defendants: the United States Department of

Justice ("DOJ"), the Internal Revenue Service ("IRS"), and the United States Postal Service

("USPS").

Howell's theory of liability for the DOJ and IRS is as follows:

> The department of justice and IRS, failed to provide my request for my work
> history on numerous occasions so that I may investigate into the matter of my
> childhood employment as a rapper of the city of Boston performing at the strand
> theater, performing at city hall and performing at the Hyde park municipal
> building.  Not providing me my work experience denied me information
> pertaining to who were affiliated with individuals in the music industry who
> sponsored the shows leading to targeting me from 1993-1994 where there was a
> continuous theft of my intellectual properties.  In 1993 I did shows with Public
> enemy and 19941 did shows with REDMAN and the illegal implantation of
> device left me to be targeted amongst the music industry from that period.  As
> well as denied me the request for record of my addresses, schools and medical
> insurance records from Maine to Florida, so that I may know who I was targeted
> from in the music industry that may have taken some of my intellectual trial
> properties from 1993-2022.

Am. Compl. ¶ 33 (as in original).

Regarding the United States Postal Service, Howell alleges that the agency "obstructed

[his] mailing parcel and regular mail and denied [him] [his] rights to postage stamp date which

[he] had to re-mail in order to secure [his] copyrights which denied [him] of due process of the

1st amendment and 14 amendments of the United States Constitution." *Id.* ¶ 31.

Howell invokes 42 U.S.C. §§ 1981, 1982, 1983, 1985, 2000a-6, 2000d-1 and the First

and Fourteenth Amendments as the basis of the federal defendants' liability for their alleged

misconduct.

The doctrine of sovereign immunity precludes Howell from pursing his claims against the

DOJ, IRS, and USPS in this Court.  The United States (including its various branches,

departments, and agencies) enjoys immunity from suit—regardless of the nature of a claim—

except in those instances in which it has expressly consented to be sued. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994). A waiver of sovereign immunity must be expressly and unequivocally found in the statutory text and cannot be implied. *See Lane v. Pena*, 518 U.S. 187, 192 (1996). Here, Howell has not identified any claim for which the United States has consented to be sued for damages.[5] Thus, the Court does not have any jurisdiction over Howell's claims against the United States.

### B. State Agencies

Howell identifies the Massachusetts Attorney General ("Massachusetts AG") and the Massachusetts Department of Youth Services ("MADYS") as defendants. Regarding the Massachusetts AG, Howell asserts that this defendant denied him his rights under the Fourteenth Amendment by denying his request for victim compensation, failing to investigate his allegations of wrongdoing, and not providing him funds to relocate to a secure location.

Howell makes the following allegations against MADYS:

> The department of Youth services did not provide me information pertaining to my juvenile detainment in march 1994-April 1994 of illegal incarceration a various adult prisons and state hospital overcrowded stays where I was illegal implanted with BCI, BMI, RFID at various jurisdictions outside Boston violating my constitutional rights to access law library, attorney-client privilege, as well as lack of knowledge of what officers cared over me affiliated with individuals in the music industry responsible for theft of my intellectual risk properties. In 1993 I did shows with Public enemy and 1994 I did shows with RED-man and the illegal implantation of device left me to be targeted amongst the music industry from that period.

---

[5] Under the doctrine enunciated in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), a plaintiff may "pursue constitutional claims against federal officials, in their individual capacities, for actions taken under color of federal law," "[b]ut the availability of that doctrine does not override bedrock principles of sovereign immunity so as to permit suits against the United States, its agencies, or federal officers sued in their official capacities." *McCloskey v. Mueller*, 446 F.3d 262, 271-72 (1st Cir. 2006) (emphasis removed).

Am. Compl. ¶ 34 (as in original).  Howell claims that this alleged misconduct is in violation of

42 U.S.C. §§ 1981, 1983, 1985, and the Fourteenth Amendment.

As with Howell's claims against the United States, the Court does not have jurisdiction to

adjudicate his claims against the Massachusetts AG and MADYS because of their immunity

from suit in federal court.  The Eleventh Amendment of the United States Constitution generally

is recognized as a bar to suits in federal courts against a state, state officials in their official

capacities, and state departments and agencies, unless the state has consented to suit or Congress

has overridden the state's immunity.  *See Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429

(1997); *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985); *Pennhurst State Sch. & Hosp. v.*

*Halderman*, 465 U.S. 89, 101-02 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per

curiam); *see also Hudson Sav. Bank v. Austin*, 479 F.3d 102, 105-06 (1st Cir. 2007) ("The right

of a state to litigate a private party's claims against it in its own courts is constitutionally assured.

In the absence of special circumstances — consent, waiver, and congressional override are

paradigmatic examples — the Eleventh Amendment prohibits the exercise of federal judicial

power over 'any suit in law or equity, commenced or prosecuted against one of the United States

by Citizens of another State.'" (quoting U.S. Const. amend. XI.))

Here, the Court cannot discern any claim for relief against the Massachusetts AG or

MADYS for which the Commonwealth of Massachusetts has waived its immunity or Congress

has overridden it.[6]

---

[6] Moreover, "neither a State nor its officials acting in their official capacities are 'persons' under
[42 U.S.C.] § 1983," the statute under which a person may bring a lawsuit against a person
acting under the color of state law who violated the federal rights of the plaintiff.  *Will v.*
*Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

C.      **Community Teamwork**

Howell alleges the following regarding Community Teamwork:

> The community teamwork denied funds for small business even-though I
> submitted application and did not allow me the process due to obtain federally
> funded small business start up cost.  I submitted my ideas to them about my
> business and they never allowed me to finish the process and denied me due
> process which I sent appeal even though I never got a decision nor notice of a
> decision.

Am. Compl. ¶ 36 (as in original).  Howell represents that his claim against Community

Teamwork arises under the Fourteenth Amendment and 42 U.S.C. § 1985.

Howell's factual allegations against Community Teamwork fail to state a claim upon

which relief may be granted.  The Fourteenth Amendment applies to government action, and

Howell has suggested that Community Teamwork is an agency of the local, state, or federal

government.  Indeed, in a 2008 decision the Appeals Court of Massachusetts referred to

Community Teamwork as "a nonprofit organization whose mission it is to help indigent people

become self-sufficient" which receives "significant funding" from a state agency.  *Weber v.*

*Community Teamwork, Inc.*, 72 Mass App. Ct. 1113 (Table), 2008 WL 3342995, at *1 n.6

(2008).

In addition, 42 U.S.C. § 1985 is factually inapplicable to Howell's allegations against

Community Teamwork.  This statute prohibits persons from conspiring to prevent a person from

holding public office, interfering with an officer in the discharge of his or her duties, intimidating

parties to a court action, witnesses, or jurors, interfering with the due course of justice, and

conspiring to prevent persons of their right to equal protection.

Finally, the Court cannot identify any other cause of action that Howell could assert

against Community Teamwork under the facts alleged.

9

### D.     City of Boston

Howell claims that the City of Boston violated his rights under the 42 U.S.C. §§ 1981, 1982, 1983, 1985, 5 U.S.C. § 552, 552a, and the First, Fourth, and Fourteenth Amendments in the following manner:

> The city of Boston violated my rights to privacy by connecting me to BCI, BMI, CBT, RFID device which illegally monitored my movements or knew of someone who was doing so and neglected to prohibit illegal communications upon me and the illegal college toon of data from me.  (Boston police Report 95-0121-115, district E-5), also neglecting to provide me request for my performance history at the strand theater, city hall and Hyde park municipal shows operated by the city of Boston.

Am. Compl. ¶ 32 (as in original).

These allegations do not a state a cognizable claim against the City of Boston.  To state a claim for relief, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The complaint must "contain sufficient factual matter, accepted as true" to state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The plausibility standard is not as onerous as a "'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

As pled, Howell's allegation that the City of Boston (or someone known to the City of Boston) monitored his movements with sophisticated technology[7] falls short of the plausibility mark.  In addition, the City of Boston's alleged failure to provide Howell with records of his

---

[7] Although not critical to Court's disposition of the case, the Court assumes that BCI refers to Brain Computer Interface, BMI refers to Brain Machine Interface, and RFID refers to Radio Frequency Identification.

performances at venues operated by the City of Boston do not give rise to a federal cause of action.

### E.     Drake and Kanye West

Howell claims that Drake and Kanye West violated his rights under the Fourth Amendment by engaged in the following alleged misconduct:

> Aubrey Graham (Drake) and Kanye West used intellectual properties without permission and did commit theft, there companies were notified not to use and specifically I reported to the department of justice that drake used my property in May 2019 in federal complaint Curtis Howell V. Emerge in march 2021, then this complaint relating to theft of property on certified lover boy and Kanye west Donde 2.

Am. Compl. ¶ 35 (as in original).

These allegations fail to state claim upon which relief may be granted.  As a threshold matter, the Fourth Amendment only prohibits certain conduct by the government.  It does not apply to the conduct of private persons or entities, including well-known artists.  In addition, Howell's claim that Drake and Kayne West stole Howell's music compositions is not plausible under the facts alleged.

## IV.   Conclusion

For the reasons set forth above, the Court <u>DENIES</u> Howell's pending motions [ECF Nos. 32, 33, 34] and order that this action be <u>DISMISSED.</u>

IT IS SO ORDERED.

 7/18/2022                                      /s/ Allison D. Burroughs
DATE                                            UNITED STATES DISTRICT JUDGE