UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CURTIS HOWELL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 21-cv-11979-ADB |
| MASSACHUSETTS ATTORNEYS | * | |
| GENERAL, et al, | * | |
| | * | |
| Defendants. | * | |
| | * | |

**ORDER**

BURROUGHS, D.J.

The Court dismissed this action on July 18, 2022. [ECF No. 50]. It has remained closed since that time. Plaintiff, however, has continued to file post-judgment motions and other papers in this case. The Court ordered him to cease filing documents in this closed case first on July 20, 2022, [ECF No. 54], and again on July 28, 2022, [ECF No. 58]. Notwithstanding, Plaintiff has continued to file papers in this case. These actions have placed unnecessary burdens on the Court.

The Court now orders that, unless and until this case is remanded by the First Circuit Court of Appeals, the Clerk shall strike any papers Plaintiff tries to file in this case, except the filing of a timely notice of appeal. The First Circuit has held that a district court "has considerable discretion" under Federal Rule of Civil Procedure 12(f) "in striking any redundant, immaterial, impertinent or scandalous matter." Alvarado-Morales v. Digital Equip. Corp., 843 F.2d 613, 618 (1st Cir. 1988) (internal quotation marks omitted). Here, at a minimum, Plaintiff's filings are repetitive and immaterial.

The Court warns Plaintiff that any further violation of the Court's orders may result in sanctions, including the imposition of monetary sanctions.

**SO ORDERED.**

August 22, 2022 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE